UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| O.Y., et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 20-cv-09030-RMI <br><br> **ORDER APPROVING MINOR'S COMPROMISE** <br><br> Re: Dkt. No. 41 |

## INTRODUCTION

Plaintiffs brought this wrongful life action against Defendant alleging that Plaintiff O.Y. was born with cystic fibrosis as a result of Defendant's negligent genetic testing. O.Y. and his mother Savanah Cramer, as *guardian ad litem*, settled the case on August 12, 2022 (dkt. 38) and filed a petition for the court's approval of the minor's compromise on October 18, 2022 (dkt. 40). Plaintiffs filed a second, amended petition, on October 19, 2022 ("Amended Petition") (dkt. 41). Defendant filed a statement of non-opposition to the Amended Petition on October 21, 2022 (dkt. 42). All parties have consented to the jurisdiction of a magistrate judge (dkts. 6, 15). The court has determined that oral argument is unnecessary in this matter (*see* N.D. Cal. Civ. L.R. 7-1(b)) and **GRANTS** the motion.

## ANALYSIS

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren,* 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id.* (internal quotations omitted). "In the context of proposed

settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

In cases involving the settlement of federal claims, district courts "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1181-82 (citing *Dacanay*, 573 F.2d at 1078).

According to the Amended Petition (dkt. 41), the $800,000 will be split as follows: $400,000 to Plaintiff O.Y. and $400,000, jointly, to Plaintiffs Savanah Cramer and Jacodie Young[1] (dkt. 41). O.Y.'s portion will be allocated as follows:

**A. Litigation Costs and Attorneys' Fees**

Plaintiff O.Y., by Savanah Cramer as his *guardian ad litem*, has a fee agreement with his attorneys of record Abbey Weitzenberg Warren & Emery for services provided in pursuing the subject claims on a contingency fee basis of twenty-five percent (25%) of the total recovery, pursuant to 28 U.S.C. § 2678. The attorneys' fees for Plaintiff O.Y.'s portion of the subject settlement proceeds is twenty-five percent (25%) of $400,000, or $100,000. A total of $77,730.50 in litigation costs have been incurred by Abbey Weitzenberg Warren & Emery on behalf of Plaintiffs. Plaintiff O.Y.'s *pro rata* share of these litigation costs is $38,865.25. The sum of $138,865.25 in fees and costs for Plaintiff O.Y. (O.Y.'s *pro rata* share of costs ($38,865.25) plus O.Y.'s attorneys' fees ($100,000)) will be funded from an upfront cash payment of $538,865.25 made by electronic funds transfer from Defendant to Abbey Weitzenberg Warren & Emery's trust account.[2]

---

[1] Jacodie Young is Plaintiff O.Y.'s father.

[2] *See* Decl. of Att'y Michael D. Green (dkt 41-1) for an itemization of the above-mentioned costs.

**B. Purchase of an Annuity for the Benefit of O.Y.**

After payment of O.Y.'s *pro rata* litigation costs and attorneys' fees, the remaining $261,134.75 of the settlement proceeds will be paid directly to Sage Settlement Consulting in the amount of $261.134.75 for the purchase of an annuity for the benefit of Plaintiff O.Y. (dkt. 41). The terms of the annuity to be purchased are as follows:

**9.1. Periodic Payments**

Periodic payments are to be made to Plaintiff O.Y. from the annuity purchased as follows (the "Periodic Payments"):

**9.1a. Payable to O.Y.**

- $30,000 payable semi-annually, guaranteed for four (4) years, beginning on July 1, 2038 (when O.Y. is age 18), with the last guaranteed payment on January 1, 2042 (when O.Y. is age 22);
- $20,000 guaranteed lump sum payable on September 1, 2037 (when O.Y. is age 18);
- $430.207.33 guaranteed lump sum payable on September 1, 2044 (when O.Y. is age 25).

**9.2. O.Y.'s Right to Payments**

Plaintiffs acknowledge that the Periodic Payments cannot be accelerated, deferred, increased, or decreased by O.Y., nor shall O.Y. have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

**9.3. O.Y.'s Beneficiary**

If O.Y. were to die, any payments to be made after the death of O.Y. pursuant to the terms of the Amended Petition shall be made to such person or entity as shall be designated in writing by Plaintiff. If no person or entity is so designated by Plaintiff, or if the person designated is not living at the time of O.Y.'s death, such payments shall be made to the estate of O.Y. or, failing that, to the party entitled to the property of O.Y. through the laws of intestate succession.

The court approves the settlement, given that it provides a substantial monetary benefit to

3

O.Y. that will serve his interests over an extended period of time. In light of the benefit that the minor child has received in the litigation, and for the reasons advanced in the Amended Petition, the court finds that the settlement is reasonable.

## CONCLUSION

The court approves the minor's compromise and orders that the settlement be implemented according to the terms of the Amended Petition (dkt. 41).

**IT IS SO ORDERED.**

Dated: November 10, 2022

ROBERT M. ILLMAN
United States Magistrate Judge